WILHELMINA MEYER, Otherwise Known as WILHELMINA MAYO, Respondent, *v.* VIRGINIUS ST. JULIAN MAYO, Appellant.

First Department December 29, 1916.

Deposition — examination of defendant before trial — privilege of witness from answering incriminating questions — expiration of time within which indictment could be found — proof that said time has not been extended by absence from State.

On the examination of the defendant in a civil action before trial, in order to prevent him from asserting his constitutional privilege to refuse to answer incriminating questions, the plaintiff must show, not only that the five years within which an indictment against the defendant could have been procured have elapsed, but also that said time has not been extended, under section 143 of the Code of Criminal Procedure, by the absence of the defendant from the State.

A defendant does not waive his right to assert his constitutional privilege by serving a verified answer.

APPEAL by the defendant, Virginius St. Julian Mayo, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 31st day of October, 1916, directing him to answer certain questions on his examination before trial.

*James W. Osborne,* for the appellant.

*Edwin R. Leavitt,* for the respondent.

PAGE, J.:

When this case was before us previously we said: " If, however, an indictment had been found within the statutory time (Code Crim. Proc. §§ 142, 143), the defendant would not be freed from liability. Therefore we cannot hold that the mere lapse of the statutory time of limitation is sufficient, but it must also appear that an indictment had not been found. This the plain-

tiff may prove, to show that the statute has in fact run and that no privilege exists." (173 App. Div. 199, 202.)

When we referred to section 142, which fixed a limitation of five years, and also to section 143, which provided that "no time during which the defendant is not an inhabitant of, or usually resident within, the State, or usually in personal attendance upon business or employment within the State, is part of the limitation," it seemed sufficiently clear to us that it would be understood that the words "statutory time" were not limited to the five-year limitation, but to the time as it might be extended by the provisions of section 143, and that the plaintiff might be able to prove that the defendant had been an inhabitant or resident or in personal attendance upon business or employment within the State for such a time that the statute had become effective.

It is not sufficient to show merely the lapse of more than five years since the commission of the crime without an indictment having been found, but also that the exception did not extend the time. In our opinion we further said: "If it shall then appear that the statute has in fact run, the defendant may be required to answer." Furthermore, we quoted from *People ex rel. Taylor* v. *Forbes* (143 N. Y. 219, 231): "The weight of authority seems to be in favor of the rule that the witness may be compelled to answer * * * when it is perfectly clear and plain that he is mistaken, and that the answer cannot possibly injure him, or tend in any degree to subject him to the peril of prosecution."

We did not hold that the defendant had waived his privilege by serving a verified answer, and that is not the law.

Because of our failure to clearly express our thoughts the opinion on the former appeal appears to have been misunderstood by the plaintiff's attorney and the justice at Special Term. The order will, therefore, be reversed, and the motion denied, with leave to renew upon further papers, without costs.

CLARKE, P. J., LAUGHLIN, DOWLING and DAVIS, JJ., concurred.

Order reversed and motion denied, without costs, with leave to renew as stated in opinion.